UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| QIANG HUANG,<br><br>    Petitioner,<br><br>    v.<br><br>SMELOSKY, Warden,<br><br>    Respondent. | No. CV 08-8270-SJO (PLA)<br><br>**ORDER RE: SUMMARY DISMISSAL OF SUCCESSIVE PETITION** |

On December 16, 2008, petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254. The Petition challenges the legality of petitioner's sentence imposed in connection with his January 26, 2000, conviction in the Los Angeles County Superior Court in Case No. GA040628. (See Petition at 2, 5, 7-11).

On May 9, 2007, petitioner filed a prior habeas petition in this Court, Case No. CV 07-3059-SJO (PLA), in which he challenged his conviction and sentence in the same Superior Court case that he challenges herein, Case No. GA040628. The 2007 petition was dismissed with prejudice, pursuant to the Judgment entered on March 4, 2008, as the petition was time-barred under 28 U.S.C. § 2244(d). A request for a certificate of appealability was denied by this Court on April 7, 2008, and by the Ninth Circuit Court of Appeals on November 17, 2008.

A federal habeas petition is successive if it raises claims that were or could have been adjudicated on the merits in a previous petition. Cooper v. Calderon, 274 F.3d 1270, 1273 (9th Cir. 2001) (per curiam), cert. denied, 538 U.S. 984, 123 S. Ct. 1793 (2003).  A second or subsequent petition for habeas corpus is not considered "successive" if the initial or prior petition was dismissed on a technical or procedural ground rather than on the merits.  See Slack v. McDaniel, 529 U.S. 473, 485-87, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000) (holding that dismissal for failure to exhaust state remedies is not an adjudication on the merits).  While it does not appear that the Ninth Circuit has yet held that a habeas petition dismissed on statute of limitations grounds is a dismissal "on the merits," Supreme Court authority supports a determination that such a dismissal should be treated as an adjudication on the merits.  See Plaut v. Spendthrift Farm, Inc., 514 U.S. 211, 228, 115 S. Ct. 1447, 131 L. Ed. 2d 328 (1995) ("[t]he rules of finality, both statutory and judge made, treat a dismissal on statute-of-limitations grounds the same way they treat a dismissal for failure to state a claim, for failure to prove substantive liability, or for failure to prosecute: as a judgment on the merits.").  Additionally, the Ninth Circuit has held that, for *res judicata* purposes, a dismissal on statute of limitations grounds can be considered a denial on the merits. In re Marino, 181 F.3d 1142, 1144 (9th Cir. 1999).  This Court further observes that numerous district courts in the Ninth Circuit have found that if a first petition was dismissed as untimely, the subsequent petition is deemed "successive" under the Antiterrorism and Effective Death Penalty Act of 1996 ("the AEDPA").  See, e.g., Reyes v. Vaughn, 276 F.Supp.2d 1027, 1029 (C.D. Cal. 2003); Cate v. Ayers, 2001 WL 1729214, at *4 (E.D. Cal. Dec. 28, 2001) (stating that "the law is clear that a dismissal on statute of limitations grounds . . . operates as a final judgment on the merits," and finding that petition was successive because previous petition was dismissed as untimely).  In light of the above, the Court concludes that because the dismissal of petitioner's 2007 petition was based on statute of limitations grounds, the dismissal is considered, for AEDPA purposes, as an adjudication of the merits. Thus, the instant Petition is considered to be a successive application.[1]

---

[1] On June 12, 2002, petitioner filed his first habeas petition in this Court, Case No. CV 02-4626-SJO (PLA) ("first petition"), which was denied on the merits.  Thereafter, petitioner's second

The AEDPA provides that a claim presented in a second or successive federal habeas petition that was not presented in a prior petition shall be dismissed unless:

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2)(A), (B).

In his 2007 federal habeas challenge, petitioner claimed that the imposition of an upper term sentence violated Cunningham v. California,[2] and petitioner's federal constitutional right to a jury trial. (See Report and Recommendation in Case No. CV 07-3059-SJO (PLA), issued January 17, 2008, at 3). The action was dismissed with prejudice as untimely under 28 U.S.C. § 2244(d). (See id. at 4-11; see also Order Adopting Magistrate Judge's Report and Recommendation and Judgment, both issued on March 4, 2008). Petitioner's subsequent requests for a certificate of appealability were denied.

In the instant Petition, petitioner sets forth the same claim related to his sentence that was presented in the earlier federal habeas action, i.e., that the trial court imposed an illegal sentence pursuant to Cunningham and Blakely v. Washington[3] by "enhancing petitioner's sentence [based]

---

habeas petition filed on May 9, 2007 ("second petition"), was dismissed as untimely. In dismissing petitioner's second petition as time-barred, the Magistrate Judge noted that the second petition was also likely barred under AEDPA as a successive or second petition. (See Report and Recommendation, issued on January 17, 2008). Accordingly, the instant Petition is also considered to be a successive application to petitioner's first petition filed in this Court as his first petition challenged his conviction and sentence in the same Superior Court case that he challenges in the instant Petition, and was denied on the merits. See Cooper, 274 F.3d at 1273.

[2] Cunningham v. California, 549 U.S. 270, 127 S. Ct. 856, 166 L. Ed. 2d 856 (2007).

[3] Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004).

on 'factual findings' that were not found by a jury at trial." (See Petition at 7). Petitioner argues that his sentence should be modified based on recent United States Supreme Court rulings. (See Petition at 7-11). As such, it appears that petitioner is asserting that he should be permitted to file a successive petition under 28 U.S.C. § 2244(b)(2)(A), the provision that allows for the filing of a claim that relies on a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court. (See id.). However, even if petitioner's claim in the instant Petition satisfied 28 U.S.C. § 2244(b)(2)(A) or, for that matter, § 2244(b)(2)(B), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). There is no indication in the instant Petition, or in the overall record, that petitioner obtained such authorization from the Ninth Circuit. See Burton v. Stewart, 549 U.S. 147, 127 S. Ct. 793, 796, 166 L. Ed. 2d 628 (2007) (AEDPA requires petitioner to receive authorization from the Court of Appeals before filing a second habeas petition). As such, the Court is without jurisdiction to entertain the Petition under 28 U.S.C. § 2244(b). See id.; Cooper, 274 F.3d at 1274 ("'When the AEDPA is in play, the district court may not, in the absence of proper authorization from the court of appeals, consider a second or successive habeas application.'").

     Accordingly, the Court finds that dismissal of the instant Petition is appropriate as it is successive, and petitioner has not provided any documentation to this Court showing that he received authorization from the Ninth Circuit to file a successive petition. IT IS THEREFORE ORDERED that the Petition is **dismissed without prejudice**.

        January 13, 2009                          /S/ S. James Otero

DATED: _____

                                                      HONORABLE S. JAMES OTERO
                                                      UNITED STATES DISTRICT JUDGE